

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

### NO. WR-83,455-01

### EX PARTE JAMES WESLEY DUEITT, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS CAUSE NO. 07-03-02301-CR(1) IN THE 359TH DISTRICT COURT FROM MONTGOMERY COUNTY

*Per curiam*. HERVEY, J., filed a dissenting opinion in which KELLER, P.J., and KEASLER, J., joined.

### O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant pleaded guilty to three counts of possession of a controlled substance and was sentenced to eight years' imprisonment on each count. He did not appeal his convictions.

In a single ground, Applicant contends that his due process rights were violated because Jonathan Salvador, a former laboratory technician who engaged in misconduct and falsified test results, analyzed the controlled substances in his cases. The trial court made findings of fact and

conclusions of law and recommended that we deny relief. We believe that the record is not sufficient to resolve Applicant's claim.

Applicant has alleged facts that, if true, might entitle him to relief. *Ex parte Coty*, 418 S.W.3d 597, 605–06 (Tex. Crim. App. 2014); *Ex parte Barnaby*, 475 S.W.3d 316, 327 (Tex. Crim. App. 2015); *Ex parte Patterson*, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999). In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d).

If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall make further findings of fact and conclusions of law as to whether the controlled substances in Applicant's cases are available for retesting. The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall be obtained from this Court.

Filed: May 25, 2016
Do not publish